| | |
|---|---|
| 83 | 173 |
| 110 | 486 |
| 83 | 173 |
| 142 | 3335 |

WILLIAM A. THOMPSON v. THE VILLAGE OF QUINCY.

*Municipal corporations—Defective sidewalk—Pleading—Evidence—Charge to jury.*

1. Evidence of the *fracture* of plaintiff's arm is admissible under a declaration averring that his arm and leg were " cut, sprained, bruised, wounded, and injured," and that he was "so injured in his said arm and leg as to permanently injure and cripple him for life."

2. Resolutions of a village council ordering the repair of a sidewalk, passed from time to time during the two years preceding the injury complained of, are admissible to show knowledge on the part of the village of condition of the walk, when accompanied by proof of its non-repair and of continued bad condition.

3. In such a case a witness for the plaintiff, who had testified to the bad condition of the walk prior to the accident, was asked to state how or in what manner he had discovered its condition, and answered that the boards were loose, and jiggled under his feet, and that he stumbled on the boards, and had seen others stumble, but without falling down. And it is held that both the question and answer were competent, the question not necessarily opening the door to collateral issues, and falling within the spirit of the rule adopted in *Smith v. Sherwood Township*, 62 Mich. 159.

4. It is highly proper, and oftentimes the duty of the trial judge in his charge, to refer to and comment upon the statements of the counsel in their arguments, and he who objects to such comments must show by the record that he has been misquoted.

Error to Branch. (Loveridge, J.)  Argued October 21, 1890.  Decided November 14, 1890.

Negligence case. . Defendant brings error.  Affirmed. The facts are stated in the opinion.

*W. H. Lockerby* (*H. H. Barlow* and *John B. Shipman,* of counsel), for appellant.

*F. A. Lyon* and *Milo D. Campbell,* for plaintiff.

GRANT, J.  Plaintiff recovered verdict and judgment for injuries sustained by reason of a defective sidewalk of the defendant village.  The negligence alleged is that the sidewalk—

" Was out of repair, rotten, loose, rickety, dangerous, dilapidated, and unsafe for public use and travel, and the boards therein and composing the same had become loose, rotten, broken, torn up, and defective, so that they were then and there liable to turn over, tip up, and trip up pedestrians while passing over it."

The declaration also alleged notice on the part of defendant, and neglect to repair.

Four assignments of error are relied upon.

1. In describing the injury, the declaration alleges that—

" The arm and leg of the plaintiff were then and there greatly hurt, cut, sprained, bruised, wounded, and injured,   *   *   *   and the said plaintiff was also then and .there so injured in his said arm and leg as to permanently injure and cripple him for life."

The plaintiff testified, under objection, that his arm was

broken by the fall.   It is insisted that the declaration was
not sufficiently specific to admit proof of the fracture,
and that this case is within *Shadock v. Plank-road Co.*,
79 Mich. 7.   The allegation in that case was that the
plaintiff was hurt, bruised, and wounded.   It was held
that the allegation was not so specific as to admit evi-
dence of fractures of shoulder, arm, and hand.   Mr. Jus-
tice CAMPBELL said it " gave no description of the place
or extent of these injuries."   The present declaration is
not subject to this criticism.   It describes both the place
and the extent of the injury.   The rule contended for by
defendant's counsel would require unreasonable strictness
in pleadings.   The objection was properly overruled.

2. Plaintiff gave in evidence several resolutions of the
common council for about two years previous to the acci-
dent ordering the sidewalk to be repaired.   This was
objected to as being too remote.   The sole purpose of the
testimony was to show *knowledge* on the part of defend-
ant of the condition of the walk.   They were admissible
for that purpose, when accompanied by proof that the
repairs had not been made, and that the walk continued
in bad condition.   This testimony was therefore properly
admitted.

3. A witness, who had testified in regard to the con-
dition of the walk, was asked by plaintiff's counsel—

" You may state how you have discovered, or in what
manner you have discovered, its bad condition prior to
the accident.

" *A.* It was loose, and jiggled under my feet.   The
boards being loose, I experienced trouble, and stumbled
on the boards, but never fell.   I have seen people stumble
in that way, but no one fell down."

Both the question and answer were competent.   The
question did not necessarily open the door to collat-

eral issues It is within the spirit of the rule adopted in *Smith v. Sherwood Tp.*, 62 Mich. 159.

4. The court said in its charge to the jury:

"The defendant on its part admits, and its counsel have admitted in their argument to you, and it has been admitted in the case, that in the spring of that year, 1888, this particular piece of sidewalk was out of repair."

The record does not contain the arguments of counsel to the jury. We cannot, therefore, assume that defendant's counsel did not make such an admission. When the trial judge refers in his charge to the jury to the statements of counsel, we must assume that he correctly quotes them in the absence of a contrary showing. Counsel do not appear to contradict the fact, but content themselves by saying that the statement of the judge is not supported by the record. It is highly proper, and oftentimes the duty of the trial judge in his charge, to refer to and comment upon the statements made by counsel in their arguments. He who objects to such comments must show by the record that he has been misquoted. Only when such statements are misrepresented or misstated does the court commit an error.

Judgment affirmed, with costs.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.