STORRS *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — SUFFI-CIENCY OF DECLARATION—WAIVER.

A declaration in an action against a municipality for injuries sustained by reason of a defective sidewalk, averring that the defendant "then and there wrongfully and negligently suffered the walk to be and remain in bad and unsafe repair, * * * of which it then and there had notice," is not open to the objection, after a plea of the general issue, that it does not contain a sufficient allegation of reasonable time and opportunity, after knowledge or notice of the defect, to put the walk in a proper condition, and of failure to use reasonable diligence therein.

2. SAME—EVIDENCE—NATURE AND EXTENT OF INJURIES.

Evidence as to the extent and nature of the injuries received by plaintiff's intestate upon the defective walk is admissible under an averment that he "received certain bruises, wounds, and contusions, and certain internal injuries, whereby he became immediately sick, lame, and disordered, * * * and continued to be so sick and ill that within one week thereafter he died."

3. SAME—NOTICE—EVIDENCE—HARMLESS ERROR.

Upon the trial, a resolution of the common council, adopted three years before the accident, instructing the marshal to repair the walk in question, was received in evidence, under the objection that it was too remote. It was shown conclusively by other evidence that the walk was subsequently out of repair, and that the city had notice thereof. The case

went to the jury upon the issue whether the walk had been repaired so soon before the accident that the city was free from negligence. *Held,* that the evidence objected to could not have prejudiced the defendant.

4. DEATH BY WRONGFUL ACT—DAMAGES—EVIDENCE.

In an action for death by wrongful act, a witness may testify as to the present worth of decedent's services, based on his expectancy of life at the time of the accident, and on different assumptions as to his earning capacity, for the purpose of suggesting to the jury methods of computing the damages in case they should find for the plaintiff.

Error to superior court of Grand Rapids; Burlingame, J. Submitted April 23, 1896. Decided July 31, 1896.

Case by Ellen F. Storrs, administratrix of the estate of Carlton L. Storrs, deceased, against the city of Grand Rapids, to recover damages for the death of her intestate, alleged to have been caused by a fall upon a defective sidewalk. From a judgment for plaintiff, defendant brings error. Affirmed.

*Henry J. Felker*, for appellant.

*Fletcher & Wanty*, for appellee.

MOORE, J. The plaintiff sued to recover damages. Her husband, November 3, 1894, received an injury from a fall on a defective sidewalk, which resulted in his death. She recovered a verdict. The defendant appeals.

The defendant assigns a large number of errors, all of which have been considered; but it will not be necessary to discuss all of them. Many of them relate to the insufficiency of the declaration, which reads in part as follows:

"But the defendant, not regarding its duty in that behalf, while it was so possessed and had control of the said sidewalk, on, to wit, the 3d day of November, 1894, then and there wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said

sidewalk was laid to be and remain broken and unfastened, and the stringers or timbers upon which said planks were laid to become rotten and broken, and the said planks to become loosened therefrom, of all of which the said defendant then and there had notice; and by means whereof the said Carlton L. Storrs, who was then and there passing along and upon the said sidewalk, to wit, upon that portion thereof which is situated on the south side of said Williams street, between Ellsworth avenue and Finney street, was then and there necessarily and unavoidably, and without neglect or default on his part, tripped up by one of the said loose and broken planks, and was thereby thrown and fell to and upon said sidewalk and the ground there, and then and there received certain bruises, wounds, and contusions, and certain internal injuries, whereby he became immediately so sick, lame, and disordered as to be unable to help himself, and was so greatly injured that it then and there became necessary for him to be carried to his home; and that the said Carlton L. Storrs, as the immediate result of the said injuries, continued to be so sick and ill that within a short time thereafter, to wit, in one week, he died; that by reason of the said injuries and illness great expense for medical attendance and care was incurred."

There is no averment, in direct terms, that the defendant, after knowledge or notice of the defect in the walk, had a reasonable time and opportunity to put the walk in a proper condition for use, and did not use reasonable diligence therein after such knowledge or notice. It is insisted that the declaration is fatally defective for this reason, and that it was error to receive testimony under such a declaration. If the city repaired the walk within reasonable time after notice, can it be said that it "then and there wrongfully and negligently suffered the same to be and remain in bad and unsafe repair?" We think not. We express no opinion as to whether the declaration would have been sufficient on demurrer, but, the general issue having been pleaded, we think it good.

In *Fuller* v. *Mayor, etc., of Jackson*, 82 Mich. 480, which was a suit to recover damages for injuries received

on a defective walk, objection was made to the declaration as not sufficiently stating a cause of action. Justice GRANT made use of this language:

"If any of these objections were good, they should have been raised by demurrer. All the objections are purely technical. The declaration is sufficient to sustain a general verdict. Only when no cause of action is stated in the declaration is defendant justified in pleading the general issue, and raising the objections upon the trial; otherwise the plea waives all defects. We are not disposed to treat such objections with much favor."

See, also, *Campbell* v. *City of Kalamazoo*, 80 Mich. 655.

We think this case comes within the above cases.

The next group of errors relates to the admission of testimony as to the extent and nature of the injuries received by Mr. Storrs, and their effect upon him. It is argued this testimony was not admissible, because the declaration was not sufficiently specific. We cannot agree with counsel in this contention, and think the testimony was properly admitted. *Thompson* v. *Village of Quincy*, 83 Mich. 173.

The plaintiff was allowed to put in evidence a resolution adopted by the city council in May, 1891, instructing the marshal to put this walk in repair. This is assigned as error, because too remote from the time of the accident. There was a good deal of testimony introduced as to the condition of the walk prior to the accident. Whether the evidence was competent or not, there was an abundance of testimony to show that after May, 1891, the walk was, at times, out of repair, under such circumstances that the city must be presumed to have had notice, at those times, of its want of repair. It was the claim of the defendant that the walk, where the accident happened, had been repaired just prior to the time of the accident, and that sufficient time had not elapsed after that, and before the accident, so that the city could be said to be negligent. The city offered testimony to support this theory.

If this theory had been established, it would have been a complete defense. The position of the city was controverted by the plaintiff, and the question of fact raised upon that point was fully and fairly submitted to the jury, who found against the city; so that, whether the admission of the resolution was competent or not, it cannot be said to have prejudiced the case of the defendant.

A number of errors are assigned in relation to the testimony of Mr. Potter as to the present worth of the services of Mr. Storrs, based upon his expectation of life. He made a calculation upon the basis of Mr. Storrs' ability to earn $234 a year; also on the basis of $200 a year, and $104 per year. We do not think this testimony incompetent. Testimony had been offered on both sides as to the physical condition of Mr. Storrs, as to his age, and his earning capacity. This testimony was offered and received as suggesting methods of computing the damages in case the jury found from the testimony that the plaintiff was entitled to damages.

A great many errors are assigned in relation to the charge of the trial judge. A careful inspection of the record satisfies us that none of the assignments are well taken.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.