JACOB DURR, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

NEGLIGENCE — DEFECTIVE WALK AT RAILROAD CROSSING — QUESTION OF FACT. Where it appears, in an action brought against a railroad company to recover for injuries resulting from a fall caused by a defective walk over a railroad at a street crossing, that the railroad tracks had been raised at the crossing, planks being placed on either side of each rail, the space between the planks being filled with broken stone and gravel which had settled so that, at the time of the accident and for several weeks prior thereto, there was in the line of the walk and on the outside of the plank along one side of a rail an oblong hole or depression several inches deep, sloping up from its deepest point at the edge of the plank toward the center of the space between the rails: that at the time of the accident, about half-past ten in the evening, plaintiff was walking slowly across the tracks at the point in question at which no light was maintained by the railroad company, the nearest city light being about

one hundred and seventy-five feet distant, when he stepped into such hole or depression, catching his foot under the edge of the plank and fell, seriously fracturing his ankle and leg, it is erroneous to dismiss the complaint, since such hole or depression was such a defect that the question whether the defendant was guilty of negligence in permitting the same to remain in the crossing should have been submitted to the jury.

*Durr* v. *N. Y. C. & H. R. R. R. Co.*, 97 App. Div. 643, reversed.

(Argued March 13, 1906; decided March 20, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 9, 1904, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. F. Searle* for appellant. The defendant was negligent in not keeping the crossing safe. (*Allen* v. *B., R. & P. R. R. Co.*, 151 N. Y. 434; *McKinney* v. *N. Y. C. & H. R. R. R. Co.*, 66 App. Div. 207, 209; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Lowell* v. *C. V. R. R. Co.*, 15 App. Div. 218; *Worster* v. *F. S. S. R. R. Co.*, 50 N. Y. 203; *Casper* v. *D. D. R. R. Co.*, 23 App. Div. 458; *Cuddeback* v. *Jewett*, 20 Hun, 187; *Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 572; *Wasmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212.)

*Charles T. Titus* for respondent. The nonsuit was proper. The condition complained of was not such as to constitute negligence on the part of the defendant. (*Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Bateman* v. *N. Y. C. & H. R. R. R. Co.*, 47 Hun, 429.)

CHASE, J. The plaintiff fell while walking on a street in the city of Rome, at a place where such street is crossed by the tracks of the defendant's railroad. This action is brought to recover damages for personal injuries received by such fall. At the crossing there are four sets of railroad tracks numbered

21

one, two, three and four from the south. The sidewalk, as it approaches the crossing, is surfaced with gravel. The defendant, a few months previous to the accident, had raised its tracks and on each side of each rail it had placed plank level with the top of the rails. Between the plank, and also approaching the outside tracks, defendant filled the roadway and sidewalk with broken stone and gravel. The gravel settled, so that on the day of the accident and for several weeks prior thereto there was in the line of the sidewalk on the north side of the rails of the third track more or less depression, and at one point next to the plank and from three to five feet from the east line of the sidewalk there was a depression or hole four to six inches in depth and about eighteen inches wide along the plank and extending north from the plank about ten to twelve inches. This hole or depression was deepest in the center and next to the plank, and the gravel sloped to such center from the north and from each side. The full edge of the plank, and a space under the plank, was visible for about six inches. The plaintiff, who was a heavy man of middle age, was going south on said street about half-past ten in the evening on a dark, rainy night, and continued in the line of the sidewalk to cross said tracks, when he stepped into said depression and fell. There were no lights maintained at said crossing, and the city light on the south was 175 feet away, and that on the north was beyond an intervening canal bridge. The plaintiff described the occurrence as follows: "I was walking very slowly down on to the tracks, but when I got on the railroad, as was natural, I took a little faster gait to walk to get across the railroad, and then, the first thing I knew, down went my foot into a hole and got caught; my toes got caught and I couldn't help but fall; 'twas my right foot that caught." Plaintiff suffered what is commonly known as a " Pott's fracture " of the right ankle, and also a break of the large bone of the leg about eight inches above the Pott's fracture. On the trial, at the close of the plaintiff's evidence, the court stated, in substance, that the evidence relating to the plaintiff's contributory negligence presented a question of fact to be determined by

the jury, but that the defect in the walk was not such as to raise a question of fact as to the defendant's negligence, and the defendant's motion for a nonsuit was thereupon granted.

The right of a wayfarer to assume, in the absence of lights or any warning, that a public highway or walk is normal and safe has been very recently re-asserted by this court in *Mullins* v. *Siegel-Cooper Co.* (183 N. Y. 129).

It is provided by section 11 of the Railroad Law (Chap. 565, Laws 1890): "Every railroad corporation which shall build its road along, across or upon any  *  *  *  street, highway,  *  *  *  which the route of its road shall intersect or touch, shall restore the  *  *  *  street, highway  *  *  *  thus intersected or touched, to its former state, or to such state as not to have unnecessarily impaired its usefulness  *  *  *."

It is the duty of a railroad corporation, both under the statute and upon common-law principles, to keep its road at a crossing in safe condition, so that a traveler upon the highway, exercising ordinary care, can pass over the same in safety. (*Gale* v. *N. Y. C. & H. R. R. R. Co.,* 76 N. Y. 594; *Masterson* v. *N. Y. C. & H. R. R. R. Co.,* 84 N. Y. 250.)

If, for instance, the railroad should find it necessary to re-lay its track on a different grade at a crossing, the statute would require it to make such repairs or changes in the highway as to conform to the new situation. (*Allen* v. *Buffalo, R. & P. R. Co.,* 151 N. Y. 434.)

The care required is dependent in every instance upon the location of the highway, the extent of the travel thereon, and upon all the circumstances surrounding and affecting the particular situation. As is said in *Bateman* v. *N. Y. C. & H. R. R. R. Co.* (47 Hun, 429): "It is reasonable care and diligence measured by the circumstances of each case."

This crossing was at a city street. There was a hotel on the east side of the street immediately south of the tracks. The Erie canal was near the west side of the street, but the east side thereof seems to have been fully covered with build-

.ings. The crossing is one of such importance that gates were there maintained and a flagman was there stationed by the defendant both night and day, although at the time of the accident the gates were up and the flagman was not in sight. One or more slight accidents had occurred by reason of the same depression prior to the accident to the plaintiff.

The decisions in cases where it has been held that certain depressions in the surface of a street or walk are not sufficient to present a question for the determination of a jury as to the negligence of a municipality do not aid us materially in determining the question now before us.

The form and limited north and south extent of the depression as described in this case was such that if a person walking toward the south should step into it his foot would naturally slide forward so that the toe of his shoe would extend under the plank, and if the foot was thus caught, even for a moment, a fall to the ground and an injury to the person's foot or leg should reasonably be anticipated.

The two cases in this court upon which the defendant relies are *Beltz* v. *City of Yonkers* (148 N. Y. 67) and *Hamilton* v. *City of Buffalo* (173 N. Y. 72). In each of these cases the decision rests wholly upon the determination that the defect was slight and that danger was not reasonably to be anticipated, and that according to common experience an injury to a pedestrian was not likely to happen.

It is only when the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, and when it could only have been guarded against by the exercise of extraordinary care and foresight, that the question of responsibility therefor is one of law. (*Beltz* v. *City of Yonkers, supra.*) If the question of defendant's negligence depends upon conflicting inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men it must be submitted to a jury. (*Payne* v. *Troy & Boston R. R. Co.*, 83 N. Y. 572.) The danger from the defect described in this case was more apparent than from the alleged defects described in the *Beltz*

and *Hamilton* cases, and it was such a defect that the question of the defendant's negligence in permitting the same to remain in the crossing should have been submitted to the jury. (*Mullins* v. *Siegel-Cooper Co., supra.*)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur; GRAY, J., not sitting.

Judgment reversed, etc.