The hole had existed for a year or more, and there had been four or five similar accidents at that point. One of the policemen of the city himself had fallen there, and it seems to be without dispute that the city officials knew, or ought to have known, of the condition of this walk. In the Beltz Case no previous accident had occurred, and the accident in question there occurred in the daytime. Here it was in the nighttime, and the place was dark.

It was held in the Beltz Case that a municipal corporation must guard against such dangers in its streets as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. After four or five persons had stepped in this hole and fallen, it would seem that a jury might find not only that the city officers had notice, but that it would occur to an ordinarily prudent person that the place was dangerous and some one might fall there again.

---

GRISSINGER v. INTERNATIONAL RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1911.)

CARRIERS (§ 303*)—MUNICIPAL CORPORATIONS (§ 767*)—INJURY TO PASSENGER —NEGLIGENCE.

In an action against a city and a street railroad company for injuries received by a passenger, on alighting from a street car, by stepping into a depression in the pavement, *held*, that the depression was not of such a character as to charge defendants or either of them, with negligence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 303; * Municipal Corporations, Cent. Dig. § 1623; Dec. Dig. § 767.*]

Kruse, J., dissenting.

Appeal from Trial Term, Erie County,

Action by Lucy A. Grissinger against the International Railway Company of Buffalo and the City of Buffalo. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Argued before McLENNAN, P. J., and WILLIAMS, KRUSE, and ROBSON, JJ.

George E. Pierce, for appellant City of Buffalo.
Dana L. Spring, for appellant International Railway Company.
Charles W. Strong, for respondent.

McLENNAN, P. J. Highland avenue, one of the streets in the city of Buffalo, extends in an easterly and westerly direction. Elmwood avenue, another of the streets of said city, extends in a northerly and southerly direction, crossing Highland avenue. At the time of the accident both of said streets were paved with asphalt, and there are granolithic walks on either side of both avenues or streets. The asphalt pavement in the street forms the walk across the street, there being no walk of a different character or material from the pavement itself. The International Railway Company operated a double-track surface street railroad in Elmwood avenue; the cars going north being operated over the easterly tracks, and the cars going south being operated over the westerly tracks in said avenue.

On the 22d day of January, 1909, the plaintiff was a passenger on one of the cars of the defendant International Railway Company being operated on Elmwood avenue, and, wishing to alight from said car at Highland avenue, signaled the person in charge of the car, and the car was brought to a stop at or near the northerly side of the north walk on Highland avenue, and the plaintiff alighted from the car in which she had been riding, and in stepping from the car to the pavement in Elmwood avenue stepped into a depression in the street, where the asphalt had been broken and worn away, and sustained the injury for which she complains.

The great preponderance of the evidence is to the effect that the hole or depression into which the plaintiff stepped was 3 feet 7 inches long, extending east and west, and 2 feet 4 inches wide, at the widest part, north and south; that the hole begins at the westerly edge, 1 foot 7¾ inches away from the edge of the easterly rail of the easterly track. At the part of the hole nearest the railway track it is 2¼ inches deep. One-half way across the hole on the northerly side it is 1¾ inches deep, and on the southerly side it is 1½ inches deep. At the easterly end it is 1½ inches deep. So that the deepest depression was 2¼ inches, the bottom of which was practically level. It was filled with water, and the sides of the depression sloped gradually. The accident occurred in the night.

It seems to me clear that under the authorities the finding of the jury that this depression or hole was of such character as to charge the defendants with negligence was clearly against the weight of the evidence. Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712; Corson v. City of New York, 78 App. Div. 481, 79 N. Y. Supp. 604; Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944; Miller v. City of Buffalo, 136 App. Div. 914, 120 N. Y. Supp. 1135; Getzoff v. City of New York, 51 App. Div. 450, 64 N. Y. Supp. 636; Powers v. City of New York, 121 App. Div. 433, 106 N. Y. Supp. 166; Gastel v. City of New York, 194 N. Y. 16, 86 N. E. 833, 128 Am. St. Rep. 540.

We conclude that under these authorities the finding of the jury that the depression was of such character as to charge the defendants, or either of them, with negligence, is contrary to the weight of the evidence. We therefore conclude that upon that ground the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellants to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide event. All concur, except KRUSE, J., who dissents in a memorandum. SPRING, J., not sitting.

KRUSE, J. I dissent. I think the hole in the pavement was well calculated to cause just such an injury as plaintiff sustained. The hole was at the usual stopping place, right in line with the sidewalk of the cross-street. Another person had previously fallen there (at least so the jury could find from the evidence), of which both defendants had notice more than a month before this accident. In wet weather the depression was filled with water. Naturally the street there would look like other portions of the street, and upon

this occasion the street was wet and there was water in the hole. The accident occurred between 11 and 12 o'clock at night, and it was dark where plaintiff alighted. While there was an electric light in the vicinity, the shadow of the car darkened the place in question.

I think the jury could well find that both defendants were negligent in permitting the street to be and remain in the condition in which it was, and that the plaintiff was injured without any fault on her part.

I therefore vote for affirmance.