DECKER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 28, 1911.)

1. MUNICIPAL CORPORATIONS (§ 821*)—STREETS—INJURIES—JURY QUESTION—NEGLIGENCE.

Evidence, in an action for injuries by being thrown from a wagon because of a hole in the street, *held* to make it a jury question whether defendant municipality was negligent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1748; Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 767*)—STREETS—INJURY FROM DEFECTS.

If a depression in a street is so slight as not to suggest to an ordinarily prudent man that it is dangerous, the city is not negligent in permitting its existence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1623; Dec. Dig. § 767.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—STREETS—INJURIES—JURY QUESTION.

If a depression in a street is of such a character that ordinarily prudent men might differ as to whether it was dangerous for traffic, the question of negligence in permitting its existence is for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1748; Dec. Dig. § 821.*]

4. MUNICIPAL CORPORATIONS (§ 821*)—STREETS—INJURIES—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

Evidence in an action against a city for injuries from being thrown from a wagon, claimed to have been caused by a hole in the street, whether plaintiff was guilty of contributory negligence *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1754; Dec. Dig. § 821.*]

Action by Frank Decker against the City of New York. Upon plaintiff's motion for a new trial upon exceptions to the dismissal of the complaint, ordered to be heard in the first instance at the Appellate Division. New trial granted.

The action was for negligence in permitting the pavement in a street in the borough of Brooklyn to be and to become out of repair. The plaintiff complained that, when he was driving a horse and wagon in that street, the wheels of the wagon went into a hole in the street, so that he was thrown to the ground and injured. The defendant moved for dismissal upon the grounds of failure of proof, both of negligence and of the absence of contributory negligence. Thereupon the plaintiff asked for a submission to the jury on all of the questions of fact as to whether or not there was a dangerous hole in the street.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Robert Stewart (Ralph G. Barclay, on the brief), for plaintiff.
James D. Bell (J. W. Johnson, on the brief), for defendant.

JENKS, P. J. [1] If the hole or depression presented a question of fact, the other proof at the close of plaintiff's case as to defendant's negligence required submission to the jury. The street was paved with asphalt. Several witnesses for the plaintiff testified to the size of the depression. The plaintiff described it as 5 feet

long, 3 feet wide, and 5 inches deep. One witness could not estimate its length or width, but said that it was 5 inches deep. Another testified that it was 5 by 2½ feet and 5 inches deep. Still another said that it was 4 or 5 feet long, 16 or 18 inches wide, and from 4 to 6 inches deep. And he also testified that it slanted down on each end all around.

[2] In Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, it was decided that the depression in that case was so slight as not to suggest to an ordinarily careful and prudent man that it was dangerous. It is an authority so far as a depression in any given case is so slight as not to suggest to any ordinarily careful and prudent man danger therefrom, and it presents a concrete example of a negligible defect. In Terry v. Village of Perry, 199 N. Y. 79, 92 N. E. 91, the court say:

"This court has frequently stated the rules of law governing municipalities in the care of their streets and sidewalks. Each case must stand upon its own peculiar facts and the application of such well-known rules of law to such facts."

[3] If the depression in a given case is of such a character that ordinarily careful and prudent men might differ as to the danger thereof, this presents a question of fact. Durr v. N. Y. C. & H. R. R. R. Co., 184 N. Y. 324, 77 N. E. 397. But Hamilton's Case does not control this case upon the facts. That case involved a rounded depression in flagstones extending from the first tier of flagging for a distance of 8 or 9 inches, and then extended back into the pavement, making a depression 34 inches long, about 12 inches wide, in a V form, and 4 inches deep; while the jury in the case at bar could have found that the depression in the roadway was 5 feet long, 3 feet wide, and 5 inches deep. I think that the court in the case at bar could not decide that there could not be a difference of opinion among triers of fact as to whether the existence of such a depression might suggest danger to an ordinarily careful and prudent man, and that, therefore, a question was presented for the jury. In Durr v. N. Y. C. & H. R. R. R. Co., supra, where the depression was from 4 to 6 inches deep, about 18 inches wide, and of an extent from 10 to 12 inches and sloping, it was decided that the case required a submission to the jury.

[4] I think that the question of contributory negligence presented at the close of the plaintiff's case could not be disposed of as matter of law. The wagon was a platform truck loaded with timber piled about as high as the rungs of the truck, and bound together "good and hard so that the load would not shift"; and the plaintiff sat upon the top of the load. There is no proof that his place was insecure or became so, and no proof that points to any omission of due care on his part. The horses were walking at the time. The plaintiff had just received a signal from a surface street car to clear its right of way, and, as he turned out, the wagon "dropped" into the depression, which he knew not of, and which he did not see.

The exceptions were well taken. A new trial is granted, costs to abide the event. All concur.