## CITY OF ARDMORE v. FOWLER.

No. 5177.   Opinion Filed December 14, 1915.

(153 Pac. 1117.)

1. **MUNICIPAL CORPORATIONS—Defective Streets—Action for Injuries—Petition.** In an action by a member of the city fire department for damages against a city for failure to use ordinary care and diligence to keep its streets in a reasonably safe condition, etc., where the petition, among necessary allegations, charges "that the said defendant carelessly and negligently, without regard for the safety of lives of its employees in said fire department, and especially the safety and life of the plaintiff, permitted large and dangerous holes to be made and remain in said streets at the intersection of M. and H. streets, at which the wheels of said wagon, upon which the plaintiff was riding, dropped in said holes in said pavement, said carelessly and negligently allowed and permitted to be and remain therein by said defendant," etc., **held,** as against a general demurrer, that the petition states sufficient facts upon which a conclusion may be fairly reached that the city had notice of the defects of which plaintiff complains, in time, with the exercise of reasonable diligence, to have repaired the same

2. **SAME—Trial—Personal Injuries—Defective Streets—Notice of Defects—Sufficiency of Evidence.** Evidence examined, and found sufficient to support the verdict, in which instance it was not error to refuse to sustain a motion to withdraw the case from the jury and render judgment, nor to refuse a peremptory instruction, for defendant.

(Syllabus by Watts, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by M. M. Fowler against the City of Ardmore. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. M. Adams,* for plaintiff in error.

*James Mathers* and *West, Hull & Hagan,* for defendant in error.

Opinion by WATTS, C.  Defendant in error, Fowler, sued the plaintiff in error, city of Ardmore, in the district court, Carter county, to recover damages sustained by reason of defects in the street while engaged in his duties as fireman.  Issues were joined and the case tried to the court and jury, which resulted in a verdict and judgment for Fowler for $800, from which the city appeals, assigning and relying on the following as error:

First.  In overruling the demurrer to the plaintiff's petition.

Second.  In refusing to sustain motion to withdraw the case from the jury and render judgment in its favor.

Third.  In refusing to give peremptory instruction to the jury for the city.

Fourth.  The verdict was contrary to the evidence and not supported thereby.

Fifth.  In overruling motion for new trial.

1.  Counsel for the city say the petition is not sufficient for the reason:

"That the complaint should either allege in direct terms that the city had notice of the defect which caused the injury in time, by the exercise of reasonable diligence, to have repaired the same, or else it should state facts upon which this conclusion may be fairly reached."

The petition charges:

"That the said defendant on the 15th day of March, 1911, carelessly and negligently, without regard for the safety and lives of its employees in said fire department, and especially the safety and life of this plaintiff, permitted large and dangerous holes to be made and remain in said streets at the intersection of Mill and Hinkle streets, * * * and that at the intersection of said

Mill and Hinkle streets the wheels of which said wagon, upon which the plaintiff was so riding, dropped in the said holes in said pavement, said carelessly and negligently allowed and permitted to be and remain therein by said defendant, causing said wagon to bound and rebound with great force and violence, etc."

We think the petition comes within the second exception, as contended for by counsel.

In *City of Woodward v. Bowder*, 46 Okla. 505, 149 Pac. 138, a very similar allegation was upheld against a general demurrer. See, also, *Lord v. City of Mobile*, 113 Ala. 360, 21 South. 366; *Carroll v. Allen, etc.*, 20 R. I. 144, 37 Atl. 704; *Storrs v. City of Grand Rapids*, 110 Mich. 483, 68 N. W. 258.

2. The remaining assignments will be considered together. In support of these contentions counsel say:

"Before a recovery can be had against the city in this action, the following facts must be proved:  (a) A defective condition in the streets, such as to create liability, provided the following elements are present:  (b) Actual or constructive notice of a defect in the street to the municipality, or its proper officers; (c) time to put the street in a reasonably safe condition after notice of the defect; (d) it must appear that the defective condition of the street was the cause of the injury."

And as authority therefor, counsel cite McQuillan, Municipal Corporations, vol. 6, sec. 2724. In order to answer this contention it will be necessary to review the evidence. A number of witnesses testified, and varied here and there, but they do not substantially differ. Briefly, a fire alarm was turned in; Fowler was ordered to and took his position on the running board at the rear of the wagon, which started from the fire station on the

south side of Hinkle street, which was paved; the wagon went east on Hinkle one block, where it crossed Mill street, which ran north and south, across and at right angles with Hinkle street. Mill street was paved, was about 21 feet between curbs, and constructed from the center in an oval shape, forming valleys on each side so the water could pass away. These valleys had become worn and formed what some witnesses called a gutter and others a hole. The witnesses differ as to exact location, whether in the valley or in close proximity, but a saucer-shaped depression about two and one-half feet in diameter and from two and one-half to three inches at greatest depth had formed, and a small part of the asphalt paving in the depression had worn off. Fowler was an experienced fireman about 34 years of age; had no knowledge of the route the drive would take and was not guilty of any negligence; was holding to brass upright and curved rods constructed for that purpose; the wagon was drawn by spirited horses going at full speed. Crossing the valleys and depressions caused the wagon to bound and rebound, throwing Fowler's head against the ladder attached to the wagon, and causing him to be thrown to the pavement, which fall resulted in unconsciousness and a broken shoulder, from which he has since suffered.

Defendant's witness L. C. Slaughter, one of the city commissioners, says he passed the place of the accident a number of times soon thereafter, and that the depression "was in the gutter or valley on the east side of Mill street, a little to the south of the center of the street, probably three feet from the center, south," and that the asphalt had been broken loose for quite a while. Plaintiff testified that the depression in the valley, as he

termed it, "ditch or gutter," had become very deep and that the water had cut out places and left it deeper than any other place.

Eleven witnesses testified. All were citizens of Ardmore, engaged in various vocations, and most of them knew of and gave similar descriptions of the alleged defects. The place of the accident was the most direct route from the station to the Fourth ward, and the condition complained of showed it was caused by long and constant use.

Under this state of facts, we think the jury was warranted in finding that the city had at least constructive knowledge of the situation. It nowhere appears in the city's evidence that said city did not have such knowledge.

In, *Town of Fairfax v. Giraud,* 35 Okla. 659, 131 Pac. 159, Dunn, J., said:

"Nor was it essential that actual notice be brought home to the officers of the village. The evidence showed that the step had been in the condition which caused plaintiff's injuries during all of the time of the incorporation of the town, and probably for some time prior thereto. Its public location was such that a jury had a right to assume that the officers either did or should have had notice thereof"—citing *Town of Norman v. Teel,* 12 Okla. 69, 69 Pac. 791; *City of Guthrie v. Finch,* 13 Okla. 496, 75 Pac. 288.

We therefore conclude that the evidence met conditions "a," "b," "c," and "d," but will further discuss as to whether the defects were such as to create liability. This proposition counsel for the city combat most strongly, and cite *Jones v. City of Detroit,* 171 Mich. 608, 137 N. W. 513; *Leslie v. City of Grand Rapids,* 120 Mich.

28, 78 N. W. 885; *Grissinger v. I. R. Co.,* 143 App. Div. 631, 128 N. Y. Supp. 63; *Burroughs v. Milwaukee,* 110 Wis. 478, 86 N. W. 159; *Decker v. New York,* 147 App. Div. 691, 132 N. Y. Supp. 558; McQuillin on Municipal Corporations, vol. 6, p. 5673, sec. 2779.

These authorities go to the effect that slight depressions are not actionable. The case strongest and most in point is *Jones v. City of Detroit, supra,* which holds as follows:

"A city was not shown to have failed to perform its duty to keep a paved street in reasonable repair by reason of the fact that it permitted a saucer-shaped depression three inches deep, and the size of a washtub, to remain in the asphalt surface." (Syl.)

While these cases have much similarity to the one at bar, however, the very difference is sufficient to turn the balance. The fact that the valley had become worn and formed a "hole, ditch, or gutter" as termed by some of the witnesses, and the further fact that the "depression" was either in the valley or in close proximity, make the situation more significant, in that it ceases to be a "slight depression," but is a defective condition, not only dangerous to ordinary vehicles, but what might be a death trap to a fireman, who must obey instructions and go when and where called, on slight notice, and at the greatest speed possible.

This court has on numerous occasions reiterated the rule that a municipal corporation is bound by law to use ordinary care and diligence to keep its streets in a reasonably safe condition for public use. *Town of Norman v. Teel, supra; Cleveland Trinidad Paving Co. v. Mitchell,* 42 Okla. 49, 140 Pac. 416; *City of Muskogee v. Miller,*

45 Okla. 414, 145 Pac. 782, L. R. A. 1915D, 243; *City of Purcell v. Stubblefield,* 41 Okla. 562, 139 Pac. 290, 51 L. R. A. (N. S.) 1077; *City of Woodward v. Bowder, supra.*

In *City of Valparaiso v. Chester,* 176 Ind. 636, 96 N. E. 765, the rule was made applicable to firemen:

"While a fireman in the employ of a city is not a servant in the sense of one serving a private corporation and is not one in which the maxim *respondeat superior* is made applicable or can be invoked for his acts (4 Dillon on Municipal Corporations [5th Ed.] sec. 1660), nevertheless the city is required to keep and maintain its public streets in a reasonably safe condition for the use of its firemen in the discharge of their duties in like manner as it is required to do for the use of other travelers or persons."

"The general rule, supported by the authorities, is that the duty devolving upon a city or town to keep its streets in repair is not limited alone to repair for travelers, but they are to be kept in repair for all the purposes to which they may be lawfully devoted. *Chicago v. Keefe,* 114 Ill. 222, 2 N. E. 267, 55 Am. Rep. 860."

It seems to us the proposition is axiomatic that a greater duty is due to those employed and situated as was Fowler than to mere pedestrians or users of ordinary vehicles, as in the case cited by counsel for the city. *Coots v. City of Detroit,* 75 Mich. 628, 43 N. W. 17, 5 L. R. A. 315. At any rate, the jury had before them not only evidence of a "slight depression," but of a "hole, ditch, gutter, very deep," formed and cut out by long use and by water, and the asphalt had been broken loose for "quite a while," from all of which, being questions of fact, the jury could say the plaintiff's injury was caused by negligence and carelessness on the part of the city, and the verdict is conclusive thereon. *Cleveland Trini-*

*dad. Paving Co. v. Mitchell, supra; City of Osage v. Brown,* 27 Kan. 74.

We have carefully examined the evidence, and hold that it is sufficient to support the verdict, and that it was not error to refuse to sustain the motion to withdraw the case from the jury and render judgment, nor to refuse a peremptory instruction for defendant.

Finding that the assignments of error are not well taken, we therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.