YAGUNCHOK *v.* RUTLEDGE.

1. DEATH—DECLARATION—SUFFICIENCY—VARIANCE.

In an action for the wrongful death of an infant under the survival act, an averment in the declaration that deceased was run over, crushed, and mangled, is sufficient to permit proof that his scalp was lacerated and skull fractured, causing his death.

2. CONTINUANCE—DECLARATION—AMENDMENT.

Where the declaration as filed was sufficient under the facts proved, an amendment thereto and refusal of continuance was not reversible error.

Error to Wayne; Webster (Clyde I.), J. Submitted April 18, 1922. (Docket No. 63.) Decided June 5, 1922.

Case by Michael Yagunchok, administrator of the estate of Michael Yagunchok, deceased, against Arthur

R. Rutledge for the negligent killing of plaintiff's decedent.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Guy W. Moore* and *Hal. P. Wilson,* for appellant.

*Harry J. Lippman* (*Ralph W. Liddy,* of counsel), for appellee.

CLARK, J.    Plaintiff's intestate, a boy 4 years of age, was struck by an automobile of defendant on a street in Detroit.    The injury was fatal.    He died within 15 minutes, having, it was said, recovered consciousness momentarily.    The declaration counted on both the death act and the survival act.    Recovery was had under the survival act.    In the count on the survival act it was said:

"And thereby the body of said infant decedent was crushed under the wheels of the said motor vehicle, and thereby grievously and fatally injured from the effects whereof he did die,    *    *    *    said infant decedent was violently struck by said motor vehicle, knocked down, run over, mangled and crushed, from the effects whereof he did, within approximately one half hour, and after suffering intense pain, agony and anguish both physical and mental, die."

—and in the other count:

"Said infant decedent was violently struck by said motor vehicle, knocked down, run over, mangled and crushed, from the effects whereof he did instantly die."

At the beginning of the trial, plaintiff was permitted to amend each count by adding to the quoted averments the words: "sustaining laceration of the scalp and fracture of the skull."    Defendant's counsel objected to amending the declaration, claimed surprise and sought continuance, which was refused.    The proofs showed no crushing of the trunk of the body, and that death was caused by fracture of the skull.

Defendant on error contends that because of the amendment he was entitled to a continuance. Defendant discusses principally the averment first quoted where the word "body" is used, contending that the word means the trunk. We need not discuss that question, though according to some courts and lexicographers it means the whole person. See 8 C. J. p. 1136. The other averments state that the infant decedent was run over, crushed and mangled. Crushing means a breaking by pressure. 17 C. J. p. 389. To mangle includes to lacerate. To fracture includes to break. The fracture or breaking of the skull and the laceration might have been shown under the declaration without amendment. Hence the allowance of the amendment and the refusal of a continuance do not constitute reversible error.

See 3 Comp. Laws 1915, § 12478; *Thompson* v. *Village of Quincy*, 83 Mich. 173 (10 L. R. A. 734); *Williams* v. *Railway Co.*, 102 Mich. 537; *Storrs* v. *City of Grand Rapids*, 110 Mich. 483; *McKormick* v. *West Bay City*, 110 Mich. 265; *Bosek* v. *Railway*, 175 Mich. 8.

Judgment affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.