John P. Callanan, Sr., Esq. Watkins Glen, New York
You have asked whether, in acquiring abandoned Lehigh Valley Railroad land, the Village of Burdett, in the Town of Hector, Schuyler County, would also have to assume responsibility for maintaining the Church Street bridge located in the Village.
Currently, the responsibility for this bridge is divided between the Town of Hector, which maintains the surface and approaches to the bridge, and the railroad, which, as a condition of owning the right-of-way, has the obligation to maintain the structural portion of the bridge. This is in accordance with Railroad Law, § 93, which provides that "when a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction * * *."
Early case law held that railroads were "compelled to contribute to the cost of * * * construction not to the end of acquiring property in [the bridges] but as a burden which it might justly be called on to bear" (ThePeople of the State of New York ex rel. New York, Ontario, and WesternRailway Co. v. State Board of Tax Commissioners, 215 N.Y. 434, 442
[1915]).
Since the Lehigh Valley railroad is not operative, the bridge, which is part of a public street belonging to the Village of Burdett, is no longer for "the purpose of enabling the [railroad] to operate its road, but for the purpose of enabling the public to obtain a safer and more convenient method of passage * * *" (id., 437). The privilege of the railroad to operate carried with it an obligation that normally would have been borne by another entity. When the railroad sells its land, it will give up any rights in or control over the land and will then be relieved of the obligation of any maintenance on the bridge (Bruno v City of Middletown,72 A.D.2d 803 [2d Dept, 1979]). At that point the maintenance of the Church Street bridge will be governed by Village Law, § 6-604. It will be "under the control of the superintendants [sic] of highways of the town in which the bridge is * * * situated * * * and the expense * * * is a town charge, unless the village assumes the whole or part of such expense." To date, the railroad has performed what normally would have been a town function. Thus, the Town of Hector will be responsible for the maintenance of the bridge unless there has been some agreement to share bridge maintenance. Of course, this would not bar an assumption of such responsibility by the Village of Burdett or the County of Schuyler under Village Law, § 6-606 or Highway Law, § 231.