FREDERICK H. SCHILD, Respondent, *v.* THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Appellant.

A street railroad corporation operating its road in a city street is under an implied obligation to so construct and maintain its tracks as that, by the exercise of reasonable care and supervision on its part, no danger may be occasioned to the public in its use of the street, whether traveling on foot or in vehicles.

Plaintiff, in crossing defendant's track, struck his foot against one of the rails, fell and was injured. In an action to recover damages, the plaintiff's evidence was to the effect that the top of the rail was over two inches above the surface of the street. Defendant gave evidence to the effect that the track, when laid, which was about ten years prior to the accident, was level with the street. *Held,* that the question as to defendant's negligence was properly submitted to the jury; and that the fact that it did not appear any complaint had been made to defendant, or the public authorities did not release it from liability.

(Argued May 26, 1892; decided June 7, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made at the December Term, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries to plaintiff from a fall by stumbling when crossing defendant's track upon a crosswalk at the intersection of Front and Wall streets in the city of New York.

The plaintiff, in crossing over the defendant's track, at the intersection of Wall and Front streets in New York city, fell and broke his knee cap. The complaint charged the defendant with negligence in maintaining its rail at a dangerous elevation above the surface of the street, and alleged that the fall and consequent injury were caused by tripping over the rail. The evidence of the plaintiff and of the one witness of the occurrence, a by-stander, was that the plaintiff's fall was occasioned by his striking against the westerly rail of the track. It appeared that there was a break or depression in the flag-

stone of the crossing on the inside of the rail, and the defendant claimed that the evidence shows that the plaintiff fell from stumbling into the hole. With respect to the cause of the fall, the trial judge charged the jury to the effect that if the fall was solely attributable to the presence of the hole in the pavement, then the defendant was not responsible. He instructed them that the defendant was rightly there, and the duty rested upon the city, primarily, to see that its streets were kept safe and secure. He confined the defendant's liability solely to the condition of its tracks. In so far as the hole may have contributed to produce the result, he instructed the jury, in effect, that if, nevertheless, they found that the condition of the rail was an active cause of the plaintiff's fall and that the rail was improperly maintained, they would be justified in finding negligence in the defendant.

The judgment recovered by the plaintiff, upon the verdict of a jury, was affirmed at the General Term, and the defendant has again appealed to this court.

*Henry Thompson* for appellant. The defendant is not answerable in damages to plaintiff for having the rails of its road their own height, two inches above the grade of the surrounding street. (*Mazetti* v. *N. Y. & H. R. R. Co.*, 3 E. D. Smith, 98; *Lowry* v. *B. C. & N. R. R. Co.*, 76 N. Y. 28; *Wooley* v. *G. S., etc., R. R. Co.*, 83 id. 121; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 id. 475; *City of Troy* v. *T. & L. R. R. Co.*, 49 U. S. 617; *People* v. *Brooklyn*, 65 N. Y. 349.) It was error for the court to charge as it did, "but if they maintain the track at an elevation above the whole surrounding street, or for a distance so great as to imperil persons who sought to cross over it, then you would be justified in finding that there was negligence on their part. That I submit to you as a question of fact." (*Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 227; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 528; *Grippin* v. *N. Y. C. & H. R. R. R. Co.*, 40 id. 41.) It is ample for defendant to show that there is no preponderance of proof that the rail, and not

the hole in the crosswalk, caused plaintiff's fall. (*M. R. Co.* v. *Searles*, 101 N. Y. 661.)

*Charles J. Patterson* for respondent. Defendant was obliged to keep its track in such situation, with respect to the adjacent pavement, as not to endanger travelers. (*Wooley* v. *G. S. R. R. Co.*, 83 N. Y. 121; *Wooster* v. *F. S. R. R. Co.*, 50 id. 203; *Fash* v. *T. A. R. R. Co.*, 1 Daly, 148; *Conroy* v. *T. S. R. Co.*, 52 How. Pr. 49; *Oliver* v. *N. E. R. Co.*, L. R. [9 Q. B.] 409; *Wasmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212; *Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 id. 566.) That the accident was due to the elevation of the track above the general level of the street was fairly proven, and defendant, being in any view responsible for this improper elevation of the track, was not to be relieved because the municipal authorities erred in not repairing the streets. (*Carpenter* v. *C. P., N. & E. R. R. Co.*, 11 Abb. [N. S.] 416.) When the existence of the hole in the street rendered the defendant's track dangerous, they were obliged to obviate the danger, and in this way they were liable for the non-repair of that part of the street which was connected with their track. (*Carpenter* v. *C. P., N. & E. R. R. Co.*, 11 Abb. [N. S.] 416; *Wooley* v. *G. S. R. R. Co.*, 83 N. Y. 121; *Wooster* v. *F. S. R. R. Co.*, 50 id. 203.) There was no contributory negligence on plaintiff's part. (*McGuire* v. *Spence*, 91 N. Y. 303; *Weed* v. *Vil. of Ballston Spa*, 76 id. 329.) It was admissible to show how the car tracks were generally arranged in the city with respect to keeping the tracks from projecting above the pavements. The usual method of doing the work was proper to be proven. (*Carpenter* v. *C. P., N. & E. R. R. Co.*, 11 Abb. [N. S.] 416.) It would not have been error to receive evidence of the subsequent condition of the track at the point in question. (*Wooley* v. *G. S. R. R. Co.*, 83 N. Y. 129, 130.)

GRAY, J. I think the instructions given by the trial judge were correct and fairly left it to the jury to pronounce, upon the evidence, what they believed to have been the obstruction

to plaintiff's passage over the track. Their verdict must be taken as establishing, conclusively for us, that the plaintiff stumbled over the rail, and not because of the hole in the flagging. The question, therefore, becomes one which relates to the rights of the defendant, and to the duty resting upon it, with respect to the laying and maintenance of its rails upon the street surface. The evidence for the plaintiff and for the defendant conflicts as to the height of the rail above the surface of the street. It was either one inch and an eighth of an inch, or upwards of two inches. There was evidence for the defendant that the track, when laid some ten years previously, was level with the street; but the rails certainly were, at the time of this occurrence, at some height above the street surface, and, to some extent, constituted an obstruction in the highway.

The defendant was authorized and had the right to put down its rails in and upon the street, and was under no liability, by reason of anything in the grant from the common council, to keep the street pavement between its tracks in repair. But it was under an obligation, which is necessarily implied as to every use of a highway, so to construct and to maintain its tracks as that, by the exercise of a reasonable care and supervision with respect to them, no danger might be occasioned to the public in its use of the highway.

From the case of *Rex* v. *Kerrison* (3 M. & S. 526), upon which the decision in *Oliver* v. *North Eastern Railway Co.* (L. R. [9 Q. B.] 409) was rested, the principle may be deemed to have been established that a railroad corporation having its rails in a public highway must lay and keep them so as to cause as little injury as possible. The highway, or street, used for the rails must be maintained, as nearly as possible, as fit for the use of the public, who travel on foot or in vehicles, as it was before, having due regard to the necessity for the rails being there. Whether the rails are so laid as to constitute on its part a neglect of proper conditions for the public safety is a question of fact for the jury, and not one of law for the court to pass upon. It was the province of the jury to decide, in

such a case, whether the defendant was negligent. It is not a question of the right of the defendant to be there with its rails in the street; there was only the question whether, in the way, or in the condition in which it suffered its rails to remain, it was not neglectful of the right of the public to as safe and unobstructed a use of the street as was reasonably possible under the circumstances.

That the evidence showed that no complaint had ever been made, lodged, or recorded, to the knowledge of the defendant, or with the public authorities, does not affect the question of liability. It was something for the jury to consider in rendering a verdict. It may or may not have seemed singular. Many may have fallen from the same cause without injury ensuing; or, if injured, without complaining or suing.

This discussion sufficiently covers the points presented for the appellant, and, there being no errors calling for a reversal, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.