(25 App. Div. 351.)

## WILEY v. SMITH et al.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. STREET RAILROADS—DEFECTIVE TRACKS—INJURY TO PEDESTRIAN.
     A pedestrian has a right to assume that street-car tracks are in a reasonably safe condition at a particular point, where there is no defined crossing, though the railway company might not have anticipated that he would be liable to cross there; but in crossing he must use due care and caution.

2. SAME—DUTY OF COMPANY.
     A street-railway company must lay and maintain its tracks in a reasonably safe manner at a particular point, though it might not have anticipated that pedestrians would be liable to cross there, and is liable for injuries resulting from a failure to do so.

Appeal from trial term.

Action by Addie L. Wiley against W. Judson Smith and another, as receivers of the Syracuse Railroad Company. From a judgment entered on a verdict for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank C. Sargent, for appellant.
Stone, Gannon & Petit, for respondents.

PER CURIAM. Under the evidence in this case, it was error for the court to charge that the defendants were not guilty of negligence unless the jury should find that they might reasonably have anticipated that people were liable to cross the street where the plaintiff crossed, and that, if these defendants could not have anticipated that the plaintiff was liable to take the route she did, the verdict should be in favor of the defendants. Under the situation disclosed by the evidence, the plaintiff had a right to assume that the part of the street where she crossed was reasonably safe; and the inquiry as to her acts was whether, under the circumstances of the case, she exercised due care and caution. Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415; Brusso v. City of Buffalo, 90 N. Y. 679. There was no defined

street crossing for passengers at the place of the accident, and the defendants had no right' to occupy the street where plaintiff crossed, so as to make it dangerous to cross at that point at all times. McClain v. Railroad Co., 116 N. Y. 469, 22 N. E. 1062. "The principle may be deemed to have been established that a railroad corporation, having its rails in a public street, must lay them so as to cause as little injury as possible. The highway or street used for the rails must be maintained, as nearly as possible, as fit for the use of the public who travel on foot or in vehicles as it was before, having due regard to the necessities of the rails being there." Schild v. Railroad Co., 133 N. Y. 449, 31 N. E. 327. The obligation rested upon the railroad company to lay its tracks in the street in a proper manner, and to keep them in repair; and if, in this case, that obligation has not been met and fulfilled in either or both of these respects, and if the injury complained of resulted to this plaintiff by reason of such neglect on the part of the company, then these defendants are liable in damages for such injury. Worster v. Railroad Co., 50 N. Y. 203.

These are the rules which should have been submitted to the jury as its guide in the consideration of this case; and, because of the failure to submit the evidence in this case to the jury, in connection with instructions that it should be guided by such rules in deciding the questions submitted to it, error was committed, prejudicial to these appellants. For such errors, which are presented by the exceptions in this case, the judgment and order should be reversed, and a' new trial ordered, with costs to the appellant to abide the event of the action.