Hugo Schuster, an Infant, by Johanna Schuster, His Guardian ad Litem, Respondent, v. Forty-second Street, Manhattanville and St. Nicholas Avenue Railway Company, Appellant, Impleaded with Another.

1. Railroads — Duty of Street Railroads to Keep Street Between and Two Feet Outside of Tracks in Repair — Liability for Failure to Repair. By section 98 of the Railroad Law (L. 1890, ch. 565; amd., L. 1892, ch. 676) there is imposed upon street surface railroad corporations the duty of keeping in permanent repair that portion of the street between the tracks, the rails of the tracks, and two feet in ʳwidth outside of the tracks. The subsequent provisions to the effect that repairs must be made under the supervision of the local authorities whenever required by them and in the manner they may prescribe, pertain only to the right of supervision and the manner in which the duty shall be performed and do not modify such duty or relieve railroads from a faithful discharge thereof. Nor does the provision, that "in case of the neglect of any corporation to make pavements or repairs after the expiration of thirty days' notice to do so, the local authorities may make the same at the expense of such corporation," apply to a dangerous condition of a street suddenly developing and needing immediate attention and repair in order to protect the public. It was intended to give a municipality power to compel a street surface railroad corporation to make that portion of a street, occupied by its tracks, conform to improvements or repairs made by the municipal authorities.

2. Negligence — Action for Personal Injuries Caused by Neglect of Street Railroad Company to Repair Pavement — Request to Charge. In an action, therefore, against a street railroad company to recover for personal injuries alleged to have been caused by its negligence in failing to repair a hole in the pavement close to its tracks, a request to charge "that the duty that was laid upon the railroad company to keep its tracks in a condition of permanent repair is an original duty and that the railroad company cannot await the order of the local authorities before putting its railroad in a condition of permanent repair" is properly granted and an exception thereto is not well taken.

Schuster v. Forty-second St., M. & St. N. A. Ry. Co., 118 App. Div. 197, affirmed.

(Argued May 29, 1908; decided September 29, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March

14, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Bayard H. Ames* and *Henry A. Robinson* for appellant. The exception of the defendant railway company to the charge of the learned trial justice to the jury presents reversible error. (*Ross* v. *M. S. R. Co.*, 104 App. Div. 378; *Fielders* v. *N. J. S. R. R. Co.*, 58 Atl. Rep. 404; *Eckes* v. *Stetler*, 98 App. Div. 81; *City of Rochester* v. *Campbell*, 123 N. Y. 412; *Koch* v. *Fox*, 71 App. Div. 288; *Kane* v. *N. Y., N. H. & H. R. Co.*, 132 N. Y. 160; *O'Neill* v. *Crane*, 77 App. Div. 638; *Shrimpton* v. *Dworsky*, 2 Misc. Rep. 123; *Sciurba* v. *Met. S. R. Co.*, 73 App. Div. 170; *Roseman* v. *Mahony*, 86 App. Div. 377; *Regan* v. *P. Ins. Co.*, 33 App. Div. 78; *Rouse* v. *Lewis*, 4 Abb. Ct. App. Dec. 121; *Palmer* v. *Kelly*, 56 N. Y. 637; *Jackson* v. *Odell*, 11 Wkly. Dig. 325.)

*J. Arthur Hilton* and *F. H. Gerrodette* for respondent. The original and primary obligation to repair rested upon this defendant, and the existence of this hole where plaintiff fell was due to a disregard of this duty by the defendant. (*Conway* v. *City of Rochester*, 157 N. Y. 38; *Doyle* v. *City of New York*, 58 App. Div. 588; *Simon* v. *M. S. R. Co.*, 29 Misc. Rep. 126; *Erhert* v. *City of New York*, 59 App. Div. 611; *City of Amsterdam* v. *F., J. & G. R. R. Co.*, 51 Misc. Rep. 438; *Simon* v. *M. S. R. Co.*, 29 Misc. Rep. 126.) The charge as requested by the plaintiff's counsel was correct in form and substance. (*City of Amsterdam* v. *F., J. & G. R. R. Co.*, 51 Misc. Rep. 438; *Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282; *Gillespie* v. *D. D., E. B. & B. R. R. Co.*, 12 App. Div. 501; *Smith* v. *Matthews*, 152 N. Y. 152; *Chellis* v. *Chapman*, 125 N. Y. 214; *Doyle* v. *B. H. R. R. Co.*, 58 App. Div. 588; *McMahon* v. *S. A. R. R. Co.*, 75 N. Y. 231; *Sullivan* v. *S. I. R. R. Co.*, 50 App. Div. 558; *Lowery* v.

*B. C. & N. R. R.*, 76 N. Y. 28; *Rockwell* v. *T. A. R. R. Co.*, 64 Barb. 438.)

Haight, J.   This action was brought to recover damages for a personal injury, alleged to have been received by the plaintiff through the negligence of the defendant.

The plaintiff, Hugo Schuster, a boy eleven years of age, was, on the 15th day of April, 1900, playing in 42d street, between Eighth and Ninth avenues.   Some one called that a policeman was coming.   He then turned and saw a policeman coming on the south side of the street, and thereupon the plaintiff ran east; as he ran he turned his head to see where the policeman was and saw a car approaching about twenty or twenty-five feet from him.   While looking around he stepped in a depression in the pavement and pitched forward on the track and was run over by the car.   He described the depression as about four or five feet wide along the car track, and extending six or seven feet toward the curb.   The street was paved with stone blocks, and there was some evidence tending to show that the blocks had settled from four to six inches in depth at a place within two feet of the defendant's railroad track.   While the evidence with reference to the depression being within the specified distance of the rail of the defendant's track is somewhat meager, it is of such a character that we cannot hold as a question of law that there was no evidence to present to the jury upon that question. The plaintiff claimed that the injuries which he received were caused through the carelessness and negligence of the defendant in operating the car which ran over the plaintiff, and also in maintaining and continuing to maintain a hole near its tracks.

The trial judge charged the jury : " The law imposes upon a railroad company the duty of keeping the space between its tracks and two feet on either side of the track in good and safe condition.   If the hole was within the area I have described, you will then consider whether or not negligence may be predicated upon it.   The company being charged with

the duty of keeping the street in repair as I have described, becomes negligent when it knows that it is out of repair, or it becomes liable in the absence of knowledge that the condition, which by the exercise of reasonable care it should have known to exist, has existed for such a length of time. It is for you to say whether there was a hole, and under the instructions I have given you, whether the defendant was negligent in maintaining it, if there was one." The plaintiff then asked the court to further charge: " That the duty that was laid upon the railroad company to keep its tracks in a condition of permanent repair is an original duty, and that the railroad company cannot await the order of the local authorities before putting its railroad in a condition of permanent repair." The court charged as requested, and an exception was taken by the defendant. This presents the only question which we deem necessary to discuss in this case.

The General Railroad Law (§ 98, chapter 565 of the Laws of 1890, as amended by chapter 672 of the Laws of 1892) provides as follows: " Every street surface railroad corporation, so long as it shall continue to use any of its tracks in any street, avenue or public place in any city or village shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe. In case of the neglect of any corporation to make pavements or repairs after the expiration of thirty days' notice to do so, the local authorities may make the same at the expense of such corporation." The charter of the city of New York (Laws of 1901, chapter 466, section 391) provides that " No removal of the pavement or disturbance of the surface of any street   *   *   *   for any purpose whatever, shall be made until a permit is first had from the president of the borough where the work is to be done."

The duty of keeping the streets and avenues of the city of

New York in safe condition for the use of the public primarily rests upon the officers of the municipality, and it was entirely proper that the charter should provide that no removal of the pavement or disturbance of the surface of streets should be permitted without the knowledge and consent of the officers of the city charged with the duty of looking after their care and maintenance.   Otherwise, the city might become liable for heavy damages resulting to the traveling public by reason of unauthorized excavations or the leaving of dangerous and unguarded holes in the streets.   Whether this provision of the charter was intended to apply to individuals or corporations who under the statute have become charged with the duty of keeping certain portions of the street in repair, it is not now important to determine; for if any portion of such street should become out of repair and dangerous, notice of such condition could readily be given to the proper officer and a permit to make the necessary repairs obtained.   Under the Railroad Law, as we have seen, street surface railroad corporations, so long as they shall continue to use the streets of a city for their tracks, shall under the express provision of the statute have and keep in permanent repair that portion of the street between the tracks, the rails of the tracks, and two feet in width outside of the tracks. Here we have a duty laid upon street railroads of keeping that portion of the streets occupied by them in permanent repair. It is true that by the subsequent provisions of the statute the repairs must be made under the supervision of the local authorities, and whenever required by them to do so, and in the manner they may prescribe.   But these provisions only pertain to the right of supervision and the manner in which the duty shall be performed, and they do not, nor were they intended, to modify or relieve the street surface railroads from a faithful discharge of their duties as prescribed in the first provision of the statute.   In case of neglect of any corporation to make pavements or repairs, after the expiration of thirty days' notice to do so, the local authorities may make the same at the expense of such corporation.   This provision

doubtless was intended to refer to cases in which the municipality had decided to pave or to make general repairs of a street, for it provides for a notice of thirty days to the railroad company. In case the company then refuses to pave the street or make such repairs, the same may be done by the municipality at the expense of the corporation. This provision of the statute could hardly be held applicable to a dangerous condition of a street suddenly developing such as a cave-in or the appearance of a dangerous hole which needed immediate attention and repair in order to protect the public; for if the provision did apply to such a condition, the city authorities would be powerless to remedy until it had first given notice to the railroad corporation and then wait until the expiration of thirty days before the difficulty could be remedied. The design of this statute doubtless was to enable the municipality to determine the character and manner in which the street shall be surfaced. Some of the streets may be of ordinary earth; others the authorities may determine to have paved with stone, brick or asphalt. Whatever the improvement determined to be made by the municipal authorities, they, by this provision of the statute, are given the power to compel the railroad corporation to conform its portion of the street to that adopted for the remaining part of the street. This provision of the statute was doubtless enacted to take the place in the future of the contracts that had theretofore been entered into to some extent by municipal corporations with street railroads occupying a portion of the city streets and embraces most of the essential provisions of such contracts.

In the case of *City of Brooklyn* v. *Brooklyn City R. R. Co.* (47 N. Y. 475) one Meier received personal injuries by being thrown from his wagon, which was precipitated into a hole which existed in Flushing avenue within the line of the defendant's railroad track. He brought an action against the city for damages and recovered a judgment which the city was compelled to pay. The city then brought an action to recover the amount of such judgment against the defendant upon a bond which it had delivered to the city upon obtain-

ing the latter's permission to lay railroad tracks upon the
street in question; and as a part consideration for such fran-
chise the defendant covenanted and agreed to keep the pave-
ment of the street in thorough repair within the tracks and
three feet on each side thereof with the best water-stone
under the direction of such competent authority as the com-
mon council might designate.  It will be observed that this
bond contained similar provisions to those imposed in the
statute which we now have under consideration.  It was held
that the city could recover; that where, by the terms of a
contract with a municipal corporation providing for the keep-
ing of certain of its streets in repair, the object, the manner,
the extent, and the material of the repairs are prescribed in
clear and precise terms, a clause therein that the repairs shall
be under the direction of such competent authority as the
officers of the corporation may designate is not a condition
precedent to be observed by the corporation, and it is not
bound first to designate such authority before it can hold the
contractor to his agreement to repair.  Such a clause is simply
a reservation of a right of supervision of the work as it pro-
gresses and does not prevent its performance.  It was also
held that where one contracts with a municipal corporation
to keep any portion of its streets in repair, in consideration
of a license to use them to his benefit in an especial manner,
he in effect contracts to perform that duty to the public, in
the place and stead of the municipality, which by the accept-
ance of its charter was imposed upon it to keep its ways in
repair, so that they may be safe for the passage of the public;
and the contractor is liable for any damages which naturally
and proximately fall upon the corporation in consequence of
the duty not being performed.

 In the case of *Doyle* v. *City of New York and The
Brooklyn Heights R. R. Co.* (58 App. Div. 588) the plaintiff
was injured in consequence of the existence of a rut adjacent
to the defendant railroad company's tracks, into which the
wheel of a truck on which the plaintiff was riding sank, caus-
ing a cask to topple over on him.  The railroad company had

obtained a franchise to lay its tracks in the street under a covenant providing that the pavement be kept in thorough repair by the said company within the tracks and three feet on each side thereof with the best water-stone, under the direction of such competent authority as the common council may designate.   Thereafter the Railroad Law (Laws of 1890, chap. 565, § 98), which we have already quoted, was passed. It was held that both the city and the railroad company were liable to respond in damages for any injury resulting from a failure to keep the pavement of the street in such repair as to make it reasonably safe for persons lawfully using it; and that the requirement of section 98 of the Railroad Law, that the repairs be made "under the supervision of the proper local authorities and whenever required by them to do so and in such manner as they may prescribe," did not relieve the railroad from the duty of making repairs until ordered so to do by the local authorities.

In the case of *Worster* v. *Forty-second Street and Grand Street Ferry R. R. Co.* (50 N. Y. 203) the action was to recover damages for the loss of a horse which stepped into a hole and received injuries from which it subsequently died, while the plaintiff was driving it across the tracks of the defendant's railroad in the city of New York. It was held that the plaintiff could recover; that the right of a railroad company to lay its tracks in a street carries with it the obligation to lay them in a proper manner and to keep them in repair.   There are numerous other cases in which recoveries have been had for similar accidents, to which we deem special reference unnecessary.

The case of *City of Rochester* v. *Campbell* (123 N. Y. 405) we think is distinguishable.   In that action it was sought to hold an abutting owner of land upon the street liable for injuries that had been received by a person in consequence of a defect in the sidewalk in front of the defendant's lot.   It was held that in the absence of any claim of negligence or breach of some contract duty, an action was not maintainable against a lot owner to recover the amount of a judgment

which the city had been compelled to pay; that a duty was imposed upon the municipality by its charter to keep its streets in good and safe condition; and that under the provision of the charter of that city in which the action was brought the lot owner could only be made liable for any expense the corporation incurred in making the necessary repairs.

In the case of *Conway* v. *City of Rochester* (157 N. Y. 33) the action was brought by a taxpayer and also an abutting owner upon the street to enjoin the city from paving the space between the tracks of the Rochester Railroad Company and charging the expense thereof upon the abutting owner. It was held, construing section 98 of the Railroad Law, to which we have already referred, that the duty of making such pavement devolved upon the railroad company after it had received a notice from the city so to do, and if it did not comply with the requirements of the notice, the pavement should be made at the expense of the company and not that of the abutting owners. It is true that it was also then held that it was the duty of the municipal authorities to give the street railroad company thirty days' notice, which under section 98 was mandatory; but that pertained to a paving of the street, practically the making of a new street, and did not have reference to a hole existing which endangered the lives and property of persons passing over the street. We do not regard this case as in conflict with the other case to which we have referred. To the same effect is *Mayor, etc., of New York* v. *Harlem Bridge, M. & F. R. Co.* (186 N. Y. 304).

We, therefore, conclude that the exception to the charge was not well taken, and that, consequently, the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.