(173 App. Div. 192)

## KANTROWITZ v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department.   May 19, 1916.)

1. DISMISSAL AND NONSUIT ☞80—EFFECT AS DEMURRER.

   The court in effect holds the complaint demurrable by dismissing the plaintiff at the opening of trial upon defendant's motion that the complaint does not state facts sufficient to constitute a cause of action.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 178–181;  Dec. Dig. ☞80.]

2. STREET RAILROADS ☞86(1)—STREETS—LIABILITY FOR DEFECTS.

   When a slight depression or difference in grade is peculiar, and especially calculated to result in injury to those lawfully using the street, liability of the street railroad maintaining the pavement may exist.

   [Ed. Note.—For other cases, see Streets Railroads, Cent. Dig. § 183;  Dec. Dig. ☞86(1).]

3. STREET RAILROADS ☞110(1)—DEFECT IN PAVEMENT—PROPRIETY OF DISMISSAL.

   A complaint for personal injury received through a street railroad's negligence in permitting the pavement in a street to be dangerously constructed and remain in dangerous condition, in violation of its duty under Railroad Law (Laws 1910, c. 481) § 98, should not be dismissed, as if demurred to for not stating a cause of action, because the dimensions of "an abrupt break, hole, or hollow," which caught and broke the wheel of plaintiff's vehicle, are described as "about 27″ long, 6″ wide, and 2″ deep."

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 224;  Dec. Dig. ☞110(1).]

Appeal from Trial Term, Kings County.

Action by Morris Kantrowitz against the Brooklyn, Queens County & Suburban Railroad Company.   From a judgment dismissing the complaint, plaintiff appeals.   Judgment reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Forrest S. Chilton, of Brooklyn (Joseph B. Quinlan, of Brooklyn, on the brief), for appellant.

Harold L. Warner, of Brooklyn, for respondent.

JENKS, P. J.   [1] The plaintiff was dismissed at the opening of the trial, upon defendant's motion that the complaint did not state facts sufficient to constitute a cause of action.   Thus the court in effect held the complaint demurrable.   Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112;  Baylies' Trial Practice (2d Ed.) 246, and authorities cited.

[2] The motion for dismissal rested solely upon the proposition that the care required of the defendant, with respect to the character of the defect (not as to notice), was like unto the care required of the municipality, and that many decisions had absolved municipalities as matter of law from any negligence for depressions or defects in streets of even larger relative dimensions.   Applying this rule of liability so far as invoked (Grissinger v. International Railway Co., 143 App. Div. 631, 128 N. Y. Supp. 63;  Bateman v. N. Y. C. & H. R. R. R. Co.,

47 Hun, 429. See, too, Weldon v. N. Y., N. H. & H. R. R. Co., 159 App. Div. at 654, 144 N. Y. Supp. 868; Durr v. N. Y. C. & H. R. R. R. Co., 184 N. Y. 320, 77 N. E. 397), it might well have been that, when the facts were brought out by trial, the decisions would have justified, or even have required, the court to dismiss the plaintiff, in that as matter of law the defendant was not liable for a defect or depression of the dimensions in question. But in Faber v. City of New York, 213 N. Y. 411, 107 N. E. 756, the court, per Seabury, J., cites and approves the expression of Chase, J., in Terry v. Village of Perry, 199 N. Y. 79–82, 92 N. E. 91, 35 L. R. A. (N. S.) 666, 20 Ann. Cas. 796, that "each case must stand upon its own peculiar facts and the application of such well-known rules of law to such facts." When the court dismissed the plaintiff, it could not have known from the mere dimensions the peculiar facts and circumstances of this case upon which to apply the law, and therefore it could not determine whether the case fell within the rule that declares municipalities are not liable for slight depressions or differences in its streets, or whether it fell within the exception that when a slight depression or difference in grade is peculiar and especially calculated to result in injury to those in lawful use of the street, liability may exist. Terry v. Village of Perry, supra, 199 N. Y. 84, 92 N. E. 91, 35 L. R. A. (N. S.) 666, 20 Ann. Cas. 796. Moreover, it did appear by the pleading that the depression or break was in close proximity to the fixed track, and therefore it did not present the ordinary feature of a depression from the normal grade or surface of a city street.

[3] We think that a complaint that alleged personal injury to a plaintiff for the negligence of the defendant in permitting and maintaining the pavement in a city street to be improperly and dangerously constructed and to remain in an unsafe and dangerous condition in violation of its duty under section 98 of the Railroad Law, whereby the plaintiff when driving his vehicle in the street had the wheel of his vehicle caught and broken in "an abrupt break, hole, or hollow," so that the plaintiff was thrown to the pavement and injured, should not have been dismissed, as if demurred to, for not stating a cause of action, because the dimensions of the defect were described as "about 27″ long, 6″ wide, and 2″ deep."

The judgment is reversed, and a new trial is granted; costs to abide the event. All concur.