(173 App. Div. 248)

WENSLEY v. CITY OF NEW YORK et al. (two cases).

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. MUNICIPAL CORPORATIONS ⊂⊃821(5)—STREETS—OBSTRUCTIONS—LIABILITY—ACTIONS—QUESTIONS FOR JURY.

Liability of the city for personal injuries due to depressions in a street may exist under varying circumstances, even where the depression is not more than four inches deep, so that the question of liability is ordinarily for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1748; Dec. Dig. ⊂⊃821(5).]

2. MUNICIPAL CORPORATIONS ⊂⊃812(7)—STREETS—OBSTRUCTIONS—INJURIES—NOTICE—SUFFICIENCY.

Under Laws 1886, c. 572, requiring service of notice of intention to sue, together with particulars of injury, on corporation counsel within six

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

months, a notice stating injuries to have occurred "in the roadway on the south side of Fiftieth street west of Third avenue," is defective in location, where Fiftieth street runs more than a mile west of Third avenue.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1702; Dec. Dig. ☞812(7).]

3. MUNICIPAL CORPORATIONS ☞812(7)—STREETS—OBSTRUCTIONS—INJURIES—NOTICE—SUFFICIENCY.

Where a notice of intention to sue and of particulars of injury under Laws 1886, c. 572, correctly located the accident, as in the street, subsequent reference to the place of injury as a sidewalk did not vitiate the original description.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1702; Dec. Dig. ☞812(7).]

4. MUNICIPAL CORPORATIONS ☞812(7)—STREETS—OBSTRUCTIONS—PERSONAL ACTIONS—NOTICE—SUFFICIENCY.

Under Laws 1886, c. 572, requiring service of notice of intention to sue, together with particulars of injury on corporation counsel within six months, a notice stating injuries to have occurred "in the street on the south side of Fiftieth street west of Third avenue, and at or near the southwest corner of Fiftieth street and Third avenue," sufficiently locates the place of injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1702; Dec. Dig. ☞812(7).]

5. PLEADING ☞376—PROOF—ADMISSIONS—STREETS—OBSTRUCTIONS—NEGLIGENCE.

Where the complaint alleged that defendant corporation secured permits from defendant city to excavate the street at the point of accident, and did excavate it, and negligently failed to restore it to a safe condition, and its answer admitted securing permits and excavating at or near the place of the accident, its connection with the defect in the street was sufficiently shown, though there was no direct evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. ☞376.]

Appeals from Trial Term, Kings County.

Two actions, by John Wensley and by Edith M. Wensley, his wife, respectively, against the City of New York and the Edison Electric Illuminating Company of Brooklyn. From judgments for plaintiff, and orders denying motions for new trial, defendants bring separate appeals on one record. Judgment between John Wensley and the Edison Company reversed, and complaint dismissed, and judgments otherwise affirmed.

Argued before THOMAS, CARR, STAPLETON, MILLS, and RICH, JJ.

Frank Julian Price, of New York City (Thomas F. Magner, of Brooklyn, on the brief, for appellant City of New York.

Glenn M. Congdon, of New York City, for appellant Edison Electric Illuminating Co. of Brooklyn.

Matthew W. Wood, of New York City, for respondents.

CARR, J. These two actions were tried as one, and come before this court on the appeals on one record. The plaintiff Mrs. Wensley, while walking along a public street in the borough of Brooklyn in the nighttime, lost her footing as she stepped upon the edge of a large de-

pression in the surface of the roadbed of the street, and fell into the hole or depression, and sustained severe personal injuries. She recovered a verdict of $3,000 damages against both defendants. Her husband, John Wensley, who brought an independent action, recovered a verdict of $500. From the separate judgments entered in each action, both defendants appeal, and likewise from separate orders denying a motion for a new trial.

The street roadbed at the immediate point of the accident was paved with asphalt. Some of the asphalt had been removed, leaving an irregular depression from six to eight feet long, and about two feet wide. The chief contention on this appeal, as at the trial, is as to its depth. The proofs show that its depth was irregular; the deeper part being towards the middle of the depression. One of the witnesses for the plaintiffs testified that the measurement actually made by him on the day after the accident showed the greatest depth to be about four inches. Another witness for the plaintiff gave testimony as to an actual measurement on the night of the accident, and that the depth varied from two to six inches. This hole or depression existed in the line of traffic from one sidewalk of the street to the opposite sidewalk, and its duration before the time of the accident was at least two months. If either defendant was liable for the existence of the depression, it is conceded that the measure of liability is the same. The claim of liability as against the city is that it neglected to keep the street reasonably safe for those using the highway. That urged against the other defendant is that it actually made the hole in the course of its business, under a permit from the city, and neglected to restore the pavement to a reasonably safe condition.

[1] It is urged on this appeal that no liability can attach to either defendant for the existence of a depression in a public street not more than four inches in depth. It is contended that this is settled as a matter of law by the decisions of the Court of Appeals in Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, Lalor v. City of New York, 208 N. Y. 431, 102 N. E. 558, Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, and other cases. None of these cases announces such a rule of law. Each must be confined to its own facts, and liability may arise under varying circumstances, even where the depression is not more than four inches in depth, and the question of liability is ordinarily for the jury as the circumstances may appear in the proofs. Kantrowitz v. Brooklyn, Q. Co. & Sub. R. R. Co., 159 N. Y. Supp. 263 decided May 19, 1916. If the actions at bar were submitted properly to the jury, this court would not be inclined to disturb the verdicts on the question of the liability of the defendants. There are other and very important grounds urged by each defendant appellant, but which are not common to both defendants.

[2-4] As to the defendant the city of New York, a question arose as to the sufficiency of the notices served by the separate plaintiffs under chapter 572 of the Laws of 1886. The notice served by the plaintiff John Wensley described the place of the accident as "the roadway or pavement in the street on the south side of Fiftieth street west of Third avenue." As Fiftieth street runs for upwards of a mile

west of Third avenue, the notice is defective in its attempted location, and was insufficient in law to allow that plaintiff to maintain his action against the city of New York. Purdy v. City of New York, 193 N. Y. 521, 86 N. E. 560; Casey v. City of New York, 217 N. Y. 192, 111 N. E. 764. His complaint should have been dismissed at the trial on the motions made by the counsel for the defendant the city of New York.

The notice served by the plaintiff Edith Wensley is also subject to criticism as to its sufficiency. That notice at first locates the existence of the hole or depression as "in the street on the south side of Fiftieth street west of Third avenue, and at or near the southwest corner of Fiftieth street and Third avenue," and again, "in the pavement or crosswalk or street at said location." Further on in the notice there is a statement of an intention to sue, as required by the statute aforesaid, in which negligence is charged against the city for "permitting the said sidewalk on said street or avenue to remain in an unsafe and dangerous condition, and in permitting its use while in said condition without proper safeguards or other signals or warning." While this accident happened at a spot where Fiftieth street and Third avenue intersected each other, it did not happen on the "sidewalk" of either street, but in the roadway where the streets intersected. We think that the use of the term "sidewalk" in the latter part of the notice did not vitiate the location given in the earlier part thereof, if such was in fact sufficient. We think, further, that the location so given in the earlier part of the notice does not fall within the ruling in Casey v. City of New York, ut supra, and that it was sufficient. It was not error, therefore, to deny the motion to dismiss the complaint of the plaintiff Edith Wensley, on this ground.

[5] As to the defendant the Edison Electric Illuminating Company, a further question arose. There was no direct evidence that this corporation had made the hole or depression into which the plaintiff fell. It was alleged in the respective complaints that this defendant had made application and received permits from the proper city authorities for the doing of certain work on both sides of Third avenue between Thirty-Eighth and Sixty-First streets, and that in the prosecution of the work, so permitted, "it caused, among other things, a cut to be made in the pavement and an excavation to be made in the street at or near the intersection formed by the southerly side of Fiftieth street with the westerly side of Third Avenue," and that it permitted "the southerly side of Fiftieth street, at or near its intersection with the westerly side of Third avenue, to be and remain in a dangerous and unsafe condition for pedestrians and other persons." This defendant, answering this allegation of the complaints, expressly admitted that:

It "obtained from the city of New York proper permits to open the street mentioned in the complaint and to make installation of wires and conduits, service boxes, and other connections to its mains in said street, as alleged in said complaint, and that after the granting of said permits, and in or about the month of April, 1913, in the prosecution of its said business under said permits, it caused said street to be opened and an excavation to be made therein at or near the point mentioned and described in the complaint, for the purpose of making such connections as aforesaid."

We think that this allegation in the answers of this defendant admitted sufficiently its connection with the hole or depression set forth in the complaint. That the place of the accident was within the prolonged house lines of both the southerly side of Fiftieth street and the westerly side of Third avenue, as these highways crossed each other, appears by the proofs taken at the trial. The permits from the city authorities, as received in evidence at the trial, required this defendant to replace the pavement of the highway wherever it disturbed the surface thereof.

We have reached the conclusion that the judgment and order in the action of Edith M. Wensley against both defendants should be affirmed, with costs, and that the judgment and order in the action of John Wensley should be affirmed, with costs, as to the defendant the Edison Electric Illuminating Company, and reversed as against the defendant the city of New York, and the complaint in said action should be dismissed as against said defendant, with costs. All concur.

<hr />

(173 App. Div. 125)

### GIBSON v. NEW YORK CONSOL. R. CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

CARRIERS ☞303(6)—PASSENGERS—ALIGHTING—SPACE BETWEEN CAR STEP AND PLATFORM.

    A carrier of passengers is not liable for injury to alighting passenger, caused by his stepping into a 7½-inch space between the car step and station platform, in the absence of special circumstances, such as a crowd, necessitating warning by the carrier.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1230, 1231; Dec. Dig. ☞303(6).]

Appeal from Trial Term, New York County.

