MARY CARSON PARRISH, Plaintiff, *v.* NEW YORK RAILWAYS CORPORATION, Defendant.

City Court of New York, Bronx County, November 27, 1931.

*Jay Winston,* for the plaintiff.

*Henry J. Smith,* for the defendant.

DONNELLY, J. By section 178 of the Railroad Law (as amd. by Laws of 1921, chap. 433) it is provided: " Every street surface railroad corporation, so long as it shall continue to use or maintain any of its tracks in any street, avenue or public place in any city

or village, shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe."

In *Schuster* v. *Forty-second Street, etc., Railway Co.* (192 N. Y. 403), the court, construing this statute (then section 98 of chapter 565 of the Laws of 1890, as amended by chapter 676 of the Laws of 1892), held that the duty of a street surface railroad corporation to keep in permanent repair the portion of the streets between its tracks and for two feet outside is an original duty and is not dependent upon notice from the municipality, and that such corporation, for its failure to keep this area in repair, is liable.

In *Worster* v. *Forty-second Street, etc., R. R. Co.* (50 N. Y. 203, 205), decided long before section 178 of the Railroad Law was enacted, it appears that on April 12, 1864, the plaintiff while driving a pair of horses belonging to him over the defendant's track, one horse stepped into a hole, was thrown down and injured, and in consequence died. The trial court dismissed the complaint upon the ground that there was no evidence showing defendant was aware of the bad condition of its track, or that the same was in such condition for a length of time that would imply knowledge. The Court of Appeals, speaking through CHURCH, Ch. J., for a unanimous court, said: "We are to assume that the defendants had a lawful right to lay their tracks in the street, where the injury occurred, but this right carries with it the obligation to lay the tracks in a proper manner and keep them in repair, and if an injury occurs by reason of neglect in either of these respects the defendants are liable in damages. [Citing cases.] *The defect was immediately connected with the track*, and was plainly visible to the employes of the defendants who were constantly operating the road. [Italics mine.] The duty of remedying the defect was affirmative and absolute. Notice to the defendants of the defect was not necessary. It was their duty to know it. It was patent, and an omission to know that such a defect existed was *prima facie* negligence as much as an omission to repair after notice. * * * The plaintiff was only required to show that the injury resulted from the road being out of repair, and if circumstances existed showing absence of negligence it was for the defendant to prove them. The presumption of negligence was complete when it appeared that the defects existed and an injury was caused thereby."

In *Schild* v. *Central Park, etc., Railroad Co.* (133 N. Y. 446, 449) the evidence of the plaintiff and of the one witness of the occurrence,

a bystander, was that the plaintiff's fall was occasioned by his striking against the westerly rail of the defendant's track. It appeared that there was a break or depression in the flagstone of the crossing on the inside of the rail, and the defendant claimed that the evidence showed that the plaintiff fell from stumbling into the hole. With respect to the cause of the fall, the trial judge charged the jury to the effect that if the fall was solely attributable to the presence of the hole in the pavement, then the defendant was not responsible. He instructed them that the defendant was rightly there, and the duty rested upon the city, primarily, to see that its streets were kept safe and secure. He confined the defendant's liability solely to the condition of its tracks. In so far as the hole may have contributed to produce the result, he instructed the jury, in effect, that if, nevertheless, they found that the condition of the rail was an active cause of the plaintiff's fall and that the rail was improperly maintained, they would be justified in finding negligence in the defendant. The court said: " The defendant was authorized and had the right to put down its rails in and upon the street, and was under no liability, by reason of anything in the grant from the common council, to keep the street pavement between its tracks in repair. But it was under an obligation, which is necessarily implied as to every use of a highway, so to construct and to maintain its tracks as that, by the exercise of a reasonable care and supervision with respect to them, no danger might be occasioned to the public in the use of the highway. * * * The highway, or street, used for the rails must be maintained, as nearly as possible, as fit for the use of the public, who travel on foot or in vehicles, as it was before, having due regard to the necessity for the rails being there. Whether the rails are so laid as to constitute on its part a neglect of proper conditions for the public safety is a question of fact for the jury, and not one of law for the court to pass upon. It was the province of the jury to decide, in such a case, whether the defendant was negligent. It is not a question of the right of the defendant to be there with its rails in the street; there was only the question whether, in the way, or in the condition in which it suffered its rails to remain, it was not neglectful of the right of the public to as safe and unobstructed a use of the street as was reasonably possible under the circumstances."

This is not the case of a person injured by a fall due to a depression in a sidewalk or in a roadway. The evidence showed that the pavement surrounding the easterly rail of the defendant's southbound track was broken, and that the condition was contiguous

to the rail on both sides thereof, and that a portion of the rail stood up above the level of the pavement. The authorities cited by defendant's counsel are not applicable to the facts in the instant case. From those cases it may be argued that to predicate liability of a depression, it must be shown to be at least four inches in depth. But it has been held that whether or not a specific depression in a sidewalk, or in a roadway, constituted a source of danger for which the defendant may be liable, depends upon the facts and circumstances shown in the particular case. Thus in *Kellman* v. *City of New York* (200 N. Y. Supp. 295) the court said: "We think that the learned judge erred in applying a rule of liability based upon the assumed arbitrary measurement supposed to be laid down by the Court of Appeals in the *Hamilton* case (*Hamilton* v. *City of Buffalo*, 173 N. Y. 72). That court, in *Terry* v. *Village of Perry* (199 N. Y. 79, 82 * * *), and again in *Faber* v. *City of New York* (213 id. 411, 415 * * *), has pointed out that 'each case must stand upon its own peculiar facts,' and has indicated plainly, as was said in the *Wensley Case* (*infra*) that: 'Liability may arise under varying circumstances, even where the depression is not more than four inches in depth, and the question of liability is ordinarily for the jury, as the circumstances may appear in the proofs.' (*Wensley* v. *City of New York*, 173 App. Div. 248 * * *; *Merwin* v. *City of Utica*, 172 App. Div. 51 * * *; *Moshier* v. *City of New York*, 190 id. 111.) " In *Kantrowitz* v. *Brooklyn, Q. C. & S. R. Co.* (173 App. Div. 192) it appeared that the break or depression was in close proximity to the track. It was held that there was not presented the ordinary feature of a depression in the normal grade or surface of a city street, so that the court could hold as a matter of law that the defendant was not liable. The court said: "When a slight depression or difference in grade is peculiar and especially calculated to result in injury to those in lawful use of the street, liability may exist." (Citing *Terry* v. *Village of Perry, ante.*)

In the instant case there was abundant evidence from which the jury could have inferred, and from their verdict they undoubtedly did infer, that the defendant was negligent in the performance of the duty imposed upon it by the statute to keep in repair the pavement within its area; that the plaintiff's fall and injuries were caused by her right foot being caught in the defect contiguous to the east rail of the defendant's south-bound track; and that as the plaintiff walked across the street she was free from contributory negligence. The motion to set aside the verdict is denied with an exception to defendant. Ten days' stay and thirty days to make and serve a case allowed.