Keniston, C. J.
This is an action in tort in which the plaintiff seeks to recover for personal injuries alleged to have been received while a traveler, upon a public way by reason of the front wheel of the wagon in which he was driving, catching in a large hole in the street beside the car tracks of the defendant, tipping the wagon and throwing. the plaintiff to the ground.
Count 1 is for negligence of the defendant in not maintaining its tracks and the street adjacent thereto in a safe condition. Count. 2 is for maintaining a nuisance.
The answer is a general denial and contributory negligence.
*179 At the trial the following facts were agreed to by the parties :
a. That the defendant owned the said track on October 4, 1941 and for ten years prior thereto., b. 'That the track had not been used for the past ten years, c. That the track begins on Brighton St., runs along Brighton St., turns right into and ends on Leverett St., i. e. they are “dead end” tracks and do not connect with any other tracks, d. That the plaintiff’s and the defendant’s photographs of the locus and the alleged defect are admitted in evidence as exhibits and are fair representations, e. That there was an agreement for judgment, for $575., between the City of Boston and the same plaintiff arising out of the same accident and for the same injuries, that said agreement for judgment had never been filed in court- and no money had been received by the plaintiff.
The evidence at the trial was to the effect that while the plaintiff was driving along Brighton Street, a public way in Boston, with his wagon straddling the right car track .of the defendant, the right front whéel went into a hole about three feet long, about a foot wide and about four inches deep oh the outside of but adjacent to the right car track of the'defendant, that the wheel slid along the rail and then caught, tipping the wagon and throwing the plaintiff from the wagon between the shafts to the ground. That the street where the accident occurred is paved, that you could see the bottom of the track at the edge of the hole where it was bounded by the track, that the granite blocks of the hole were smooth, that this condition had existed for several months prior to the accident and that there was no depression in the tracks themselves.
No question was raised as to the sufficiency of the notice given by the plaintiff to the defendant.
*180 The plaintiff filed the following requests for rulings:[1]
1. As a matter of law the court would be warranted in finding for the plaintiff. Denied.
2. The defendant may be liable to the plaintiff if the injury to the plaintiff was caused by a rail projecting above .the level of the street even though the projection is occasioned by the natural wearing away or sinking of the street from the rail. Schild v. Central Park Ry., 133 N. Y. 449; 31 N. E. 327. Groves v. Louisville Ry., 109 Ky. 76; 58 S. W. 508 ; 52 L. R. A. 448. Annotation; 54 A. L. R. 1298 and 1311. Denied. Inapplicable as I find on facts defect if any was not within limit requiring defendant to keep in repair: St. 1923, Sec. 358.
3, Even if the hole or depression in the street adjacent to the rail was a contributing cause to the plaintiff’s injury, yet if the condition of the rail was the active cause of the plaintiff’s injury, the plaintiff would be entitled to recover, assuming of course that the other elements of liability were present. Schild v. Central Park Ry., 133 N. Y. 449; 31 N. E. 327. Denied. Inapplicable as I find on facts depression was outside of portion for which responsibility to public rested with the. defendant.
4. Upon all the evidence if the rail was four inches above the depression that Would warrant a finding of negligence in the defendant. Denied. I find on facts that depression was four inches below rail and outside limits within which defendant was responsible.
5. The projection may be found to be a nuisance. Denied See. 2 and 4.
*181 6. The court would be warranted in finding that the plaintiff sustained injury by reason of the defendant’s carelessness, negligence or misconduct in the management and use of its tracks, under Acts of 1923, ch. 358, sec. 1. Denied.
7. A discontinuance of the use of tracks for more than five years creates a presumption of an abandonment of the location for that street. Denied. Inapplicable as I find on facts that right to maintain rails on street had not been revoked. Also see 2 and 4.
8. There is a presumption that the right to use the street for the location of tracks was forfeited because of the non-user for more than five years. Denied. See 2, 4 and 7.
9. Under those circumstances the presence of the rails would constitute a nuisance. Denied. See 8.
10. Upon abandonment the defendant is obliged to remove its tracks forthwith. Village v. Hudson Ry., 174 N. E. 306, 255 N. Y. 144. Denied. Inapplicable. See 9.
11. If the tracks on Brighton Street were useless and needless and were a needless obstruction in the street, they became a nuisance. Powers v. Village, 148 N. Y. S. 452. Denied. See 10, also 2, 4 and 7.
12. Upon all the evidence the tracks on Brighton Street near Leverett Street, Boston were a nuisance on the highway. Boston Elevated Railway v. Com., 1942 A. S. 21. Denied. See 11.
13. Upon all the evidence the defendant abandoned the location on Brighton Street. Denied. See 2, 4, 7 and 10.
14. Upon all the evidence the defendant forfeited the right to use Brighton Street for the location of its tracks. Denied. See 7.
*182 15. The defendant has the burden of proving that it had the right or license to use the street for its tracks in question. Boston Elevated Ry. v. Comm., 1942 Ad. Sh. 21 at 55. Granted.
16. Upon all the evidence the plaintiff is entitled to recover. Denied.
This appeal is brought upon the denial of requests numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 16.
The street where the accident occurred was a paved street. The hole in the street was on the outside of the right rail, that is it was not in the portion of the street occupied by the tracks of the defendant. The defendant, therefore, was not required to keep the portion of the street where the hole was, in repair, and is not liable for an injury caused thereby. Acts of 1923, Chapter 358, Sec. 1. Schneider v. Boston Elevated Railway, 259 Mass. 564. Gast v. Boston Elevated Railway, 270 Mass. 330, 332. Bickford v. Boston Elevated Railway, 296 Mass. 580.
There is no evidence contained in the report of any projection of the track above the level of the street or of any defect in the track itself nor of any negligence in the construction or maintenance of the track. Therefore, there was no error in the Court’s rulings upon requests numbered 2, 3, 4, 5 and 6.
Gen. Laws. (Ter. Ed.) Chap. 161, Sec. 77, provides the manner in which revocation of a location by a’ street railway may be made: “The board of aldermen or selectmen, after the expiration one year from the opening for use of a street railway in their city or town, and after public notice and a hearing as provided in section seven, if public necessity and convenience in the use of the public ways so require, may, for good and sufficient reasons to be stated in the order therefor, revoke the location of a street railway in any public way therein. . . .”
*183 There is no evidence contained in the report that the defendant’s location had ever been revoked. Until the location was revoked the defendant was under no obligation to remove the tracks and the tracks would not constitute a nuisance merely because they were “dead end” tracks and had not been used for the past ten years. For this reason there was no error in the denial of the requests numbered 7, 8, 9, 10, 11, 13 and 14.
The plaintiff contends there was error in the denial, of request numbered 12 under the second count of his declaration, alleging a nuisance, because the burden of proof was on the defendant to prove it had a location or license for its tracks and there was no such evidence.
While it is true that the placing of car tracks in a public way without proper authority constitutes a public nuisance Com. v. Nashua and Lowell R. R. Corp., 2 Gray 54; Com. v. Old Colony and Fall River R. R. Co., 14 Gray 93; and “one who claims a franchise or exclusive privilege, in derogation of the common rights of the public, must prove his title thereto by a grant clearly and definitely expressed ...” Cleaveland v. Norton, 6 Cush. 380, 383; Boston Elevated Railway v. Com. 310 Mass. 528, 564, it does not, however, follow that the burden of proof was on the defendant to prove its location or license. It is presumed in the absence of evidence to the contrary that acts are legal and a party who relies on illegality must prove the violation of law. Faria v. Veras, 298 Mass. 117, 119. Brewer v. Hayes, 285 Mass. 144. Conroy v. Mather, 217 Mass. 91, 94, 95 and cases cited. Doherty v. Ayer, 197 Mass. 241, 247.
All things are presumed to have been rightly and correctly done, until the contrary is proved. Narragansett Bank v. Atlantic Silk Co., 3 Met. 282, 287. Farmers and Mechanics Bank v. Jenks, 7 Met. 592.
Moreover the agreed facts state the defendant owned the tracks on the date of the accident and.had owned them for *184 ten years prior thereto. It would be very unusual for the defendant to occupy a public street for ten years without an authorized, location and in the absence of special evidence the. Court would be.warranted in presuming that the location of the tracks was properly authorized. See Vincent v. Norton & Taunton St. Ry. Co., 180 Mass. 104. For these reasons there was no error in the denial of request numbered 12.
The plaintiff also contends that the granting of request number 15 made it the law of the case and required a granting of request number 12. If there was any inconsistency in the granting of request number 15 and the denial of request 12, that question is not now raised by this report. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, 323, 324. Nor was there error, in denying requests numbered 1 and 16 in view of the denial of the other requests, the agreed facts and the evidence set forth in report.

Report dismissed.

The trial court's rulings and findings on each of plaintiff's requests are printed in italics following the request.