Froessel, J.
(dissenting). I fully concur in the opinion of Judge Dye. There can be no dispute about the fact that the duty to repair is imposed by law both upon the city and the trustees. In the case of the city, it is the common law; in the case of the trustees, it is section 178 of the Railroad Law. Such an obligation to repair is not synonymous with an obligation to indemnify.
City of Brooklyn v. Brooklyn City R. R. Co. (47 N. Y. 475) is not apt, for in that case the company had given a bond and a contract to the city, by which it “in effect contracts to perform that duty to the public in the place and stead of the municipality ” (p. 485). Nor is Schuster v. Forty-second St., M. & St. N. Ave. Ry. Co. (192 N. Y. 403), for the reasons .stated by Judge Dye.
There is no bond or contractual obligation in this case. Section 2 of article 13 of the November 9, 1940 contract is not, as asserted in the majority opinion, a covenant to repair; on the contrary, it expressly relieves defendant, “ Anything in any *105 statute, law, franchise, consent, local law, ordinance or requirement of any kind whatsoever to the contrary notwithstanding ”, of “ any duty, liability or obligation of any kind whatsoever ” to pave or repair, ‘ ‘ except to repair the existing pavement within the said railroad area so long as its tracks remain in such part of such street” — a duty imposed solely under section 178 of the Railroad Law. Moreover, it is only that obligation which remains under section 8 of said contract.
I see no reason why the law of indemnity and contribution between joint tort-feasors should be applied differently here than in any other case. As we said in City of Rochester v. Campbell (123 N. Y. 405, 420), “ Any other conclusion than that reached by us would, we think, be most unfortunate, as it would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways ”.
The city argues that the sagging here was due to the deterioration of the wooden ties sunk in the highway, but apparently overlooks the fact that under the provisions of section 6 of article 13 of its 1940 contract, title to those ties was vested in the city immediately upon the change-over from street railway operation to buses, which took place long before plaintiff sustained her injuries.
In the face of this argument, how can the city contend that the trustees are primarily liable?
Conway, Ch. J., and Desmond, J., concur with Fuld, J.; Eder, J.,* concurs in a separate opinion; Dye, J., dissents in an opinion in which Froessel and Van Voorhis, JJ., concur; Froessel, J., dissents in a separate opinion in which Dye and Van Voorhis, JJ., concur; Burke, J., taking no part.
Judgment affirmed.